**IN THE UNITED STATES BANKRUPTCY COURT**
**NORHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **BANKRUPTCY CASE** |
| | ) | |
| | ) | |
| **TINA D. BAILEY** | ) | **NO.: 19-40065** |
| | ) | |
| | ) | |
| DEBTOR. | ) | **(CHAPTER 11 CASE)** |

**AMENDED**
**DISCLOSURE STATEMENT AND PLAN SUMMARY,**
**DATED SEPTEMBER 26, 2019**

**I.**

**INTRODUCTION**

1.1 The above-named Debtor, **TINA D. BAILEY,** (hereinafter referred to as "Debtor" or "Tina D. Bailey"), filed a petition under Chapter 11, Title 11, **_United States Code_**, on January 14, 2019. The Debtor's case was filed with the United States Bankruptcy Court for the Northern District of Alabama and the case is now pending before the Honorable James J. Robinson, Bankruptcy Judge, and no Trustee has been appointed. The case was filed in the Divisional Office of the Bankruptcy Court, which is located at 914 Noble Street, Anniston, Alabama, 36201. The attorney for the Debtor is Harry P. Long of the Law Offices of Harry P. Long, L.L.C., Post Office Box 1468, Anniston, Alabama, 36202. The firm's email address is hlonglegal8@gmail.com.

1.2 This Disclosure Statement is submitted to provide adequate information to the Creditors and other Parties in Interest concerning the Debtor and the Debtor's Estate so as to allow them to make an informed judgment as to whether to vote in favor of the Debtor's Plan filed of even date herewith. To aid in the understanding of this Disclosure Statement, the reader should recognize that the definitions and meanings given to words and phrases in Title 11, **_United States Code_** and the **_Federal Rules of Bankruptcy Procedure_** shall apply to such words and phrases used in this Disclosure Statement and the Plan of Reorganization unless a different meaning is expressly clear from the context hereof, or unless it is further defined in Article X herein or in the Plan of Reorganization. When the "Plan" or the "Debtor's Plan" is referred to in this

1

Disclosure Statement, the Debtor is referring to the Debtor's Plan filed of even date herewith.

1.3 The Debtor sought relief under Chapter 11 to restructure debt repayment to propose a partial repayment plan to the creditors. The filing of this bankruptcy was the result of the financial problems arising from the Debtor's husband's business problems. This caused the Debtor to get behind on the home mortgage payments. The Debtor tried to solve these mortgage problems both by negotiations and litigation. These efforts failed and the Debtor was forced to file bankruptcy to save the Debtor's home.

1.4 While allowing the Debtor to reorganize the Debtor's debts, the Plan also allows the creditors to receive not less than the amount that they would receive if the Debtor filed a petition under Chapter 7, Title 11, **United States Code**, commonly referred to as a "straight bankruptcy".

1.5 The Debtor in the above-styled case has filed a Plan of Reorganization under Chapter 11, Title 11, **United States Code**, and in said Plan, the Debtor proposes to pay the creditors at least the return the creditors would receive if the Debtor simply exercised the Debtor's right to "go bankrupt" under Chapter 7, Title 11, **United States Code**.

1.6 In the Plan referred to in this Disclosure Statement, your claim will be identified as a claim or interest in a certain class. That class will be identified as either an impaired class or an unimpaired class. If the Debtor identified your claim in an unimpaired class, then the Debtor is saying that either:

A. The Plan leaves your claim or interest unaltered as it relates to the legal, equitable, and contractual rights to which such claim or interest entitles you the holder of such claim or interest;

B. Notwithstanding any contractual provisions or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default, if there has been a default, the Plan provides for the curing of any default that occurred before or after the commencement of this case, reinstates the maturity of such claim or interest as such maturity existed before such default, compensates you as the holder of such claim or interest for any damages incurred as the result of any reasonable reliance by you on such contractual provision or under such applicable law, and does not otherwise alter the legal, equitable and contractual rights to which such claim or interest entitles the holder of such claim or interest; or,

**2**

C. The Plan provides that on the effective date of the Plan, you, as the holder of such claim or interest, will receive on account of such claim or interest, cash equal to either:

1. If you are the holder of a creditor claim, the allowed amount of such claim; or,

2. If you are the holder of an equity (owner) interest, the greater of any fixed liquidation preferences to which the terms of any security representing such interest entitles you as the holder of such interest, or any fixed price at which the Debtor under the terms of such security, may redeem such security from you as holder.

1.7 If the Plan does not provide this type of treatment for you, then you are deemed to be an impaired class for consideration of the Plan.

1.8 If you are the holder of a claim or interest in an **UNIMPAIRED CLASS**, you do not have to vote because those classes have been deemed to have accepted the Plan. If you are in an **IMPAIRED CLASS**, then you should vote. If there are no votes for a particular impaired class, that class is deemed to have rejected the Plan. For an impaired class to have accepted the Plan by votes, the required acceptance level is described in the next paragraph.

1.9 The Plan referred to in this Disclosure Statement can be confirmed by the Court and hereby made binding on the creditors if it is accepted by holders of two-thirds (2/3's) in amount and more than one-half (1/2) in number of the claims in each class of claims and by the holders of two-thirds (2/3's) in amount of equity security holders in each class, if any, voting on the Plan.

1.10 In the event sufficient acceptances for consensual approval are not obtained, the Debtor intends to request that the Court nevertheless confirm the Plan under 11 U.S.C. Section 1129(b) if the Court finds the Plan accords fair and equitable treatment under the Class or Classes rejecting it, which includes the following requirements:

A. With respect to a class of secured claims, the plan provides:

1.   a. that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and,

**3**

b. that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

2. for the sale, subject to Section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under (i) or (iii) of this subparagraph; or,

3. for the realization by such holders of the indubitable equivalent of such claims.

B. With respect to a class of unsecured claims:

1. the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or,

2. the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the Debtor is an individual, the Debtor may retain property included in the Estate under Section 1115 (property of the estate includes, in addition to the property specified in 541, all property of the kind specified in 541 that the Debtor acquires after the commencement of the case but before the case is closed, dismissed or converted to a case under Chapter 7, Chapter 12 or Chapter 13, whichever occurs first; and earnings from services, performed by the Debtor after the commencement of the case, but before the case is closed, discharged, dismissed or converted to a case under Chapter 7, Chapter 12, or Chapter 13, whichever occurs first), subject to the requirements of Subsection (a)(14) of 11 U.S.C. Section 1129 concerning post-petition domestic support obligations.

C. With respect to a class of interests:

1. the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or,

4

2. the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.

1.11 If the Plan does not propose to pay a Class of Impaired Claims or Interests in full, the Plan cannot be confirmed unless that Class votes in favor of the Plan or the Court finds that the Plan does not discriminate unfairly, and is fair and equitable with respect to each such Impaired Class that has not accepted the Plan. Whether the treatment of an Impaired Class is fair and equitable includes the requirements set out in 11 U. S.C. Section 1129(b) (2). The drafter of the Debtor's Plan suggests that if the reader has any questions that the reader consult an attorney for more detailed explanation of the requirements of "fair and equitable". The Debtor submits that the treatment of all claims in the Debtor's case complies with 11 U.S.C. Section 1129(b).

1.12 **TO HAVE YOUR VOTE COUNT, YOU MUST COMPLETE AND RETURN THE BALLOTS WHICH WILL BE PROVIDED TO YOU WITH THE PLAN WITHIN THE TIME PROVIDED FOR BY THE NOTICE AND ORDER WHICH WILL BE PROVIDED TO YOU WITH THE PLAN**.

1.13 In conjunction with the hearing on Confirmation of the Plan and by separate written motion the Debtor shall request that the Court value the Debtor's property pursuant to 11 U.S.C. Section 506 and Rule 3012 of the ***Federal Rules of Bankruptcy Procedure***.

1.14 **EXCEPT AS PROVIDED IN THE DISCLOSURE STATEMENT AND IN THE PLAN OF REORGANIZATION, ANY OTHER REPRESENTATIONS OR INDUCEMENTS MADE TO INFLUENCE YOUR ACCEPTANCE, REJECTION, OR OBJECTION TO THE PLAN SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION AND WILL NOT BE ENFORCEABLE BY YOU.**

1.15 **THE INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO AN INDEPENDENT AUDIT OR VERIFICATION. UNLESS OTHERWISE NOTED, ALL OF THE FINANCIAL INFORMATION CONTAINED IN THE PLAN WAS COMPILED FROM THE DEBTOR'S RECORDS AND INFORMATION SUPPLIED BY THE DEBTOR.**

5

## II.

## **DEBTOR**

2.1 The Debtor was born in 1963 to Albert and Mary Smith. The Debtor has two (2) brothers and one (1) sister.

2.2 The Debtor attended Oxford Elementary School and Trinity Christian Academy. The Debtor graduated high school in 1981.

2.3 Shortly after graduating, the Debtor married her husband, William Bailey. She has been married thirty-eight (38) years. They have two (2) children and four (4) grandchildren.

2.4 The Debtor worked at C.E. Hanna for nine (9) years. The Debtor started there in 1988. The Debtor resigned after nine (9) years and went to help her husband with his business.

2.5 Currently, the Debtor helps her husband in his business.

2.6 Due to a collapse of the used car business in the mid to late 2000's, her husband's used automobile business suffered a tremendous decline. They fell behind on many of their debts including their home mortgage.

2.7 Prior to filing this bankruptcy, they attempted to resolve their issues with the mortgage company both by negotiations and litigation. These efforts failed and she was forced to file bankruptcy to try to save their home.

2.8 During the pendency of this bankruptcy case the Debtor has been able to resolve  issues with the Debtor's mortgage company and that agreement has been incorporated into the Debtor's Plan filed of even date herewith.

2.9 Based on the settlement with their mortgage company, they believe they will be able to conclude their financial issues and hopefully save their home.

## III.

## **ASSETS**

3.1 The primary assets of the Debtor as of the commencement of the Debtor's case consisted of the items set out in Exhibit "A" attached hereto and incorporated herein by reference.

**6**

3.2 The primary assets of the Debtor as of the filing of this Disclosure Statement and the Plan consist of the items set out in Exhibit "A-1" attached hereto and incorporated herein by reference.

3.3 Under Alabama Law and Bankruptcy Law, the Debtor has exemption rights and there are several secured creditors in this case. The estimated amount available for unsecured creditors if this case was liquidated under Chapter 7 would be Zero Dollars or Zero percent (0.0%) of said claims as set forth in Exhibit "B".

## IV.

## CASH FLOW

4.1 The cash flow and income statements of the Debtor have been filed with the Clerk's Office in Anniston, Alabama, since the commencement of this case. The Debtor believes that the statements are accurate and reflect the financial condition of the Debtor during the pendency of this case.

4.2 While the Debtor's case has been under Chapter 11; the Debtor has filed monthly reports including the Debtor's receipts and disbursements. Based on those reports, the Debtor's household expenses averaged Two Thousand Seven Hundred Fifty-One Dollars and Thirty-Four Cents ($2,751.34) per month (not including mortgage payments). The mortgage payments agreed to with the mortgage holder are Two Thousand Two Hundred Seventy-Five Dollars and Sixty-Two Cents ($2,275.62) per month. The Debtor's household expenses, and mortgage payments were paid by the Debtor's husband.

4.3 The Debtor has set forth in Exhibit "C", which is attached hereto and incorporated herein by reference, estimates of future household income and expenses, and a statement of estimated available future monthly income and plan payments.

## V.

## CREDITORS' CLAIMS AND OBJECTIONS

5.1 A list of the creditors and the amount of the claims which were listed as not disputed, or listed as disputed or contested and who filed claims or have made claims against the Debtor or upon assets of the Debtor, is attached hereto as Exhibit "D" and incorporated herein by reference.

5.2 **ADMINISTRATIVE CLAIMS** – There appear to be no unpaid administrative expenses in this case except as follows:

    A. Attorney's fees and expenses and any costs due the Clerk's Office or quarterly fees due under 28 U.S.C. Section 1930. There are approximately Five Thousand and no/100 Dollars ($5,000.00) due in attorney's fees and expenses to the attorney for the Debtor and it is anticipated that another Five Thousand and no/100 Dollars ($5,000.00) in attorney's fees will be incurred. It is anticipated that the costs and fees due the Clerk will be less than One Thousand Dollars ($1,000.00). The Debtor will pay the bankruptcy quarterly fees resulting from the ordinary distributions and from payment of creditors out of the proceeds from the assets liquidated. The quarterly fees for the next year are estimated to be One Thousand Three Hundred and no/100 Dollars ($1,300.00). The Quarterly Fees shall be paid from the Debtor's Plan Contributions.

5.3 **PRIORITY CLAIMS** – The priority claims filed by claimants or listed by the Debtor as undisputed in this case are as follows:

    **NONE.**

5.4 **SECURED CLAIMS** – Here have been listed, filed or claimed in the above-styled Chapter 11 case secured claims as follows:

    A.    **CIT Bank, N.A.** filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Proof of Claim is secured by a first mortgage lien upon the Debtor's residence located at 350 Spring Creek Crossing, Anniston, AL 36207.

5.5 **UNSECURED CLAIMS OTHER THAN CIT** – The Debtor estimates unsecured claims in the amount of Thirty-Six Thousand Four Hundred Two and 60/100 Dollars($36,402.60).

5.6 **CIT UNSECURED CLAIM** - filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Debtor and CIT have agreed for the purposes of this case and the Debtor's Plan that the secured portion of CIT's debt is Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00). Therefore, the unsecured portion of CIT's debt is Three Hundred Forty-One Thousand Seven Hundred Sixty-Five and 90/100 Dollars ($341,765.90).

**8**

5.6 **THE EQUITY SECURITY HOLDER** – The Equity Security Holder in this case is the Debtor in this case, **TINA D. BAILEY**.

5.7 **OBJECTIONS TO CLAIMS** – The Debtor does not agree with all the Proofs of Claims filed and intends to file objections to said claims as set forth in Exhibit "E", which is attached hereto and incorporated herein by reference.

5.8 **VALUATION OF COLLATERAL** –

A. For the purposes of 11 U.S.C. Section 363, 11 U.S.C. Section 506, Rule 3012 and Rule 6004 of the ***Federal Rules of Bankruptcy Procedure***, the Plan, and for determining the value of the Debtor's assets and collateral securing claims or liens in this case, the Debtor alleges that the fair market value of assets set forth in Exhibit "A-1" attached hereto is accurate.

B. By separate written Motion, the Debtor intends to offer evidence and request valuation of the property under 11 U.S.C. Section 506 at the time of the hearing on confirmation of the Debtor's Plan or such other time as the Court may set. If a party in interest intends to contest the valuations of the Debtor, said party should file its objection, in writing, setting forth any objections to the Debtor's value of any of the Debtor's assets within the time provided for in the Notice of the hearing on the Debtor's Motion for Valuation. The party objecting to the Debtor's values shall serve a copy of said objection upon the attorney for the Debtor and the Bankruptcy Administrator's Office at 914 Noble Street, Anniston, Alabama, 36201.

C. The values will be determined by the Court at a hearing on confirmation or at such other time as the Court may set.

## VI.

## PLAN SUMMARY

### 6.1 PROVISIONS FOR EXECUTION OF PLAN

A. The Plan of Reorganization filed by the Debtor herein provides for the Debtor to pay all administrative expenses, priority claims and secured claims in full and to pay unsecured claims on a pro rata basis to the extent of funds available under the plan.

B.

9

B. The Debtor proposes to commit the Debtor's disposable income (as defined in section 11 U.S.C. Section 1325 (b)(2) to be received during the five (5) year period beginning on the date that the first payment is due under the plan.

C. Section 1325 (b)(2) defines "disposable income" as current monthly income received by the Debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor or for a domestic support obligation, that first becomes payable after the date the Debtor's bankruptcy petition was filed and for charitable contributions in an amount not to exceed fifteen percent (15%) of the gross income of the Debtor for the year in which the contributions are made, and if the Debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

D. The Debtor's husband is the primary source of money for the Debtor and for the funding of payment of creditors in the Plan.

6.2 Except as specifically set out herein in or in the Debtor's Plan of Reorganization, nothing in this Disclosure Statement or in the Debtor's Plan of Reorganization is intended to alter the priority or perfection of a security interest, mortgage or lien of a creditor in regards to its standing or priority with the Debtor or with another, except by the Debtor filing a contested matter or adversary proceeding in this case.

6.3 The payments under the Plan can be summarized as follows:

A. **ADMINISTRATIVE EXPENSES** – To pay all allowed administrative expenses in full upon the Effective Date of the Plan or as they become due and approved, if necessary. Except for Quarterly Fees due the Court, these ongoing obligations shall be paid by the Debtor directly and not from the Debtor's Plan Contributions. The Quarterly Fees shall be paid from the Debtor's Plan Contributions.

B. **PRIORITY CLAIMS** – To pay all allowed priority claims in full upon the effective date of the Plan unless other allowed by Title 11, **_United States Code_** or agreed to between the parties except the Debtor reserves the right to pay the priority claims pursuant to 11 U.S.C. Section 1129(a)(9)(c). The Debtor proposes to pay the priority claims list below as follows: **NONE.**

10

C. **SECURED CLAIMS** – To pay all allowed secured claims as follows:

    1. **CIT Bank, N.A.** filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Proof of Claim is secured by a first mortgage lien upon the Debtor's residence located at 350 Spring Creek Crossing, Anniston, AL 36207. The Debtor proposes to pay the secured portion of CIT's Proof of Claim as set forth in the agreement between the Debtor and CIT Bank, N.A. which is attached hereto as Exhibit "F" and incorporated herein by reference.

D. **UNSECURED CLAIMS OTHER THAN CIT** – unsecured claims are estimated to be in the amount of Thirty-Six Thousand Four Hundred Two Dollars and 60/100 ($36,402.60). The Debtor proposes to pay the unsecured claims their pro rata basis share of $5,000.00 over five years from five annual payments of $1,000.00. The first annual payment shall be due on the first anniversary of the Effective Date of the Plan and each year here after until five annual payments are made. This Plan provides a 13.7% dividend to this unsecured class. As the Debtor's husband is providing the funding for this plan, he will also guarantee the payments to unsecured creditors pursuant to the confirmed Plan.

    E. **CIT UNSECURED CLAIM** - CIT filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90).  The Debtor and CIT have agreed for the purposes of this case and the Debtor's Plan that the secured portion of CIT's debt is Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00). Therefore, the unsecured portion of CIT's debt is Three Hundred Forty-One Thousand Seven Hundred Sixty-Five and 90/100 Dollars ($341,765.90). CIT's unsecured debt shall be in full by the payment of One Hundred Dollars ($100.00); provided that the secured portion of CIT's debt is paid in full as provided herein and also as provided in the Debtor's Plan filed of even date herewith.

F. **THE EQUITY SECURITY HOLDER** –The Debtor shall retain all assets as set out in Exhibit "A-1" attached hereto and incorporated herein by reference.

G. **ABSOLUTE PRIORITY RULE** -

    1. Under the Debtor's Plan, the Debtor shall retain all

of the Debtor's assets. The right to retain assets is subject to the **Absolute Priority Rule**.

        2. In summary the **Absolute Priority Rule** states if a Plan does not propose to pay a Class of Claims in full with interest, the Plan cannot be confirmed unless that Class votes in favor of the Plan or the Debtor does not retain any assets under the Plan or the Debtor otherwise complies with 11 U.S.C Section 1129 (a)(15).

        3. The **Absolute Priority Rule** may be subject to the **"New Value Exception"** and in the Debtor's case the Debtor intends to offer new value to the consummation of the Plan.

        H. **NEW VALUE EXCEPTION** – It is the Debtor's opinion that the **Absolute Priority Rule** is subject to certain exceptions, among them is the **New Value Exception**. The Debtor would assert that the **New Value Exception** provides that a junior creditor or interest holder may retain property under a Chapter 11 Plan notwithstanding that a senior class of creditors is not paid in full if new value is contributed to fund the plan in an amount greater than the value of the property to be retained.

        I. **NEW VALUE** –

        1. The Debtor offers the Debtor's best efforts and the Debtor's post confirmation assets and earnings to the consummation of the Debtor's Plan. Also, as the Debtor's husband is providing the funding for this plan, he will also guarantee the notes that will be issued pursuant to the confirmed Plan.

        2. In a case such as this Debtor, in which the debtor is an individual (whether filing alone or jointly with a spouse), the debtor may retain property included in the estate under 11 U.S.C. Section 1115, subject to the requirements of subsection (a) (14) of 11 U.S.C. Section 1129.

        3. It is the Debtor's opinion that an individual debtor may retain property acquired and earnings from services performed after the confirmation of the Plan without having to meet the **Absolute Priority Rule**. However, such post petition assets and earnings are still potentially subject to payment of domestic support obligations such as child support, alimony, etc.

        4. Notwithstanding the Debtor's right to retain these assets and earnings without regard to the **Absolute Priority Rule**, the Debtor does

propose to offer said assets and income to the consummation of the Plan and that the Debtor's offer meets the **New Value Exception** to the **Absolute Priority Rule**.

5. The **New Value Exception** and the **Absolute Priority Rule** are very complex legal matters which may apply in this Debtor's case and it is recommended that any creditor or other party in interest who may have concerns about the effect on them or on the Debtor's case should consult an attorney.

6. If the Debtor does not obtain a consensual confirmation, the Debtor proposes to seek confirmation under the **New Value Exception** to the **Absolute Priority Rule** or pursuant to 11 U.S.C. 1129 (a)(15).

J. **THE DEBTOR'S ELECTION TO SURRENDER COLLATERAL POST CONFIRMATION** - After confirmation, notwithstanding the foregoing and subject to the creditor's right to elect to be treated as provided under 11 U.S.C. Section 1111(b) (discussed in paragraph J. below), the Debtor reserves the right to surrender collateral to the holder of the secured claim  in full satisfaction of said secured claim and all claims provided for herein may be prepaid, at any time, without prepayment or other penalty. The Debtor must make the election to surrender the collateral on or before the Effective Date of the Plan and will file a Motion to Modify the Plan if such an election is made. The Debtor may not make the election hereafter.

K. **SECTION 1111(b) ELECTION BY CREDITOR TO BE TREATED AS FULLY SECURED** under 11 U.S.C. Section 1111(b). A class of claims may elect by at least two-thirds in amount and more than one-half in number of the allowed claims of such class to have the claims in said class to be provided for as fully secured to the extent that such claims are allowed.

L. **AVOIDANCE OF JUDICIAL LIENS** – In conjunction with the filing of this Disclosure Statement and the Debtor's Plan of Reorganization, the Debtor is filing motions to avoid judicial liens under 11 U.S.C. Section 522 to avoid judgment liens upon the Debtor's residence. The Debtor's plan proposes to avoid these liens as having no equity to attach to and to pay nothing on these judgments or the creditor holding said judgments except as otherwise provided in the Debtor's Plan of Reorganization filed of even date herewith.

6.4 The Debtor intends to employ such other persons, including attorneys, accountants, and such other professional persons, as are necessary to administer the Debtor's Plan and case.  The compensation of said professionals is subject to review by the Court as reasonable.

Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
Document      Page 13 of 33

6.5 **INSIDER** - The insider in the Debtor's case is **TINA D. BAILEY and her husband, WILLIAM R. BAILEY.**

6.6 **INSIDER COMPENSATION** - Compensation received by the insiders in the Debtor's case is as follows:

A. The Debtor and her husband, William Bailey, are the only Insiders in the Debtor's case and the Debtor shall receive amount necessary to fund the Debtor's household expenses estimated to be Two Thousand Seven Hundred Fifty-One Dollars and Thirty-Four Cents ($2,751.34) from her husband, William Bailey. The Debtor's husband shall provide so much of his income as is necessary to fund the Debtor's Plan and pay the Debtor's household expenses. He shall retain his income otherwise. The future household income of the Debtor and her husband is attached hereto as Exhibit "C-2" and incorporated herein by reference.

6.7 **ATTORNEYS AND COMPENSATION** - Harry P. Long of the Law Offices of Harry P. Long, LLC shall continue to represent the Debtor in this case, and he shall be compensated at his standard hourly rates or as otherwise allowed by the Court. Harry P. Long's current standard hourly rate is Three Hundred Seventy Dollars ($370.00), per hour, subject to change January 1 of each year and to review by the Court as reasonable.

## VII.
## TIMING AND EFFECT OF CONFIRMATION, DISCHARGE AND VESTING OF PROPERTY IN THE DEBTOR

7.1 In a Chapter 11 Bankruptcy case filed by an individual, the Debtor does not receive a discharge under 11 U.S.C. Section 1141 upon confirmation of the Plan unless the Court, after notice and a hearing, enters an Order granting a discharge upon confirmation. In the Debtor's case, the Debtor agrees that the Debtor's discharge will not occur unless and until the Plan has been substantially consummated.

7.2 Upon confirmation of the Plan and substantial consummation of the Plan, the Debtor intends to file a motion requesting entry of a discharge pursuant to 11 U.S.C. Section 1141(d)(5)(B). Said motion will request a discharge of all debts except to the extent provided in the Plan or the Order confirming the Plan, or to the extent a debt is excepted from discharge under 11 U.S.C. Section 523.

14

7.3 Upon entry of the Discharge Order, to the extent that a debt, claim, lien or interest is satisfied pursuant to the Plan, either by the payment of cash, the surrender of collateral, or the issuance of new documents or otherwise, said holder of said debt, claims or interest shall have no further claim or lien against or interest in the Debtor, the bankrupt estate of the Debtor, or the assets of the bankruptcy estate or the Debtor, provided further, that if nothing is to be paid to said creditor, lienholder, claimant or equity security holder, said debt, claim, lien or interest is discharged pursuant to 11 U.S.C. Section 1141.

7.4 Confirmation of the Debtor's Plan will bind the Debtor and any creditors or holders of claims or liens against or interests in the Debtor or the Debtor's assets, whether or not the claim, lien or interest is impaired under the Plan and whether or not such creditor, lienholder or equity security holder has accepted the Plan.

7.5 In addition, the confirmation of the Debtor's Plan will not vest all property of the Estate in the Debtor pending further Orders of this Court.

7.6 Except as otherwise provided for in the Plan, the Order confirming the plan, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims, liens, and interests of creditors or equity security holders.

## VIII.

## <u>MISCELLANEOUS</u>

8.1 There will be debt forgiveness under the Debtor's Plan.

8.2 All fees payable to the Clerk under 28 U.S.C. Section 1930 have been paid or will be paid by the effective date of the Plan.

8.3 There are no retiree benefits as defined in 11 U.S.C. Section 1114; therefore, none will be paid after confirmation except **NONE**.

8.4 **LAWSUITS –**
There were no lawsuits against the Debtor pending at the time the bankruptcy case was filed:

A. **EFFECTS OF CONFIRMATION ON LAWSUITS:**

1. **UPON CONFIRMATION OF THE DEBTOR'S PLAN AND ENTRY OF A DISCHARGE ORDER ALL PRE-PETITION**

15

**OBLIGATIONS SHALL BE DISCHARGED EXCEPT AS PROVIDED FOR IN THE CONFIRMED PLAN. THE OBLIGATIONS OF THE DEBTOR, IF ANY, ARISING IN THESE LAWSUITS SHALL ALSO BE DISCHARGED EXCEPT TO THE EXTENT PROVIDED FOR IN THE CONFIRMED PLAN.**

2. **UPON CONFIRMATION OF THE PLAN AND ENTRY OF AN ORDER OF DISCHARGE, THE DEBTOR WILL MAKE A MOTION IN ALL PRE-PETITION LAWSUITS THAT THEY BE DISMISSED WITH PREJUDICE, BASED UPON THE DISCHARGE OF THE DEBTOR UNDER THE CONFIRMED PLAN.**

3. **THE OTHER PARTIES TO SAID LAWSUITS ARE PROHIBITED FROM PURSUING ANY CLAIMS AGAINST THE DEBTOR OR THE DEBTOR'S ASSETS PURSUANT TO THE PROVISIONS OF THE CONFIRMED PLAN AND THE PROVISIONS OF 11 U.S.C. SECTION 362 (c) (2) WITHOUT FURTHER LEAVE OF COURT.**

8.5 **OTHER CAUSES OF ACTION** – The Debtor is not aware of any causes of action that the Debtor has against any other party for any bankruptcy, non-bankruptcy or other contract, tort or statutory causes of action other than as set forth in this Disclosure Statement.

8.6 The Debtor is not aware of any contingent claims against the Debtor nor is the Debtor aware of any claims, disputes, or controversies over environmental or work safety concerns with any governmental agency.

8.7 **EFFECTS OF CONFIRMATION ON CREDITORS' RIGHTS TO COLLECT:**

A. **CREDITORS ARE BOUND BY THE PLAN AND ARE PROHIBITED FROM PURSUING ANY CLAIMS AGAINST THE DEBTOR OR THE DEBTOR'S ASSETS OTHER THAN PURSUANT TO THE PROVISIONS OF THE CONFIRMED PLAN AND THE AUTOMATIC STAY REMAINS IN EFFECT PURSUANT TO THE PROVISIONS OF 11 U.S.C. SECTION 362 (a) (2).**

B. **IF YOUR DEBT, CLAIM, LIEN OR INTEREST IS NOT LISTED IN EXHIBIT "D" ATTACHED HERETO, THE DEBTOR PROPOSES TO PAY NOTHING ON YOUR DEBT, CLAIM, LIEN OR INTEREST.**

**IX.**

**LEASES, EXECUTORY CONTRACTS**

16

## AND OHER INTANGIBLES

9.1 **LEASES, EXECUTORY CONTRACTS, ETC.** – The leases, executory contracts and other intangibles in the Debtor's case and the Debtor's treatment under the Debtor's Plan are as follows:

A. All licenses or other intangible rights owned by the Debtor at the time of the filing of the petition or since then are hereby assumed.

B. As of the submission of the Debtor's Disclosure Statement and Plan, the Debtor is not a party to any leases or executory contracts and therefore all leases, rental agreements, or executory contracts not specifically mentioned herein are hereby rejected under the plan.

## X.

## DEFINITIONS

10.1 The definitions and meanings given to words and phrases in Title 11, *United States Code* and the *Federal Rules of Bankruptcy Procedure* shall apply to such words and phrases used in this Disclosure Statement and the Debtor's Plan of Reorganization unless a different meaning is expressly clear from the context hereof.

10.2 "**Effective date of the Plan**" shall mean sixty (60) days after the approval and confirmation of the Plan.

10.3 "**Value on the effective date of the Plan**" or "**value**" shall mean the value as determined by the Court pursuant to the provisions of Paragraph 5.8 of this Disclosure Statement.

**DATED**: This the 26th day of September 2019.

Harry P. Long
Attorney for Debtor
Post Office Box 1468
Anniston, Alabama 36202
(256) 237-3266
hlonglegal8@gmail.com

**17**

## CERTIFICATE OF SERVICE

I, **HARRY P. LONG**, hereby certify that a copy of the foregoing was served by email to  Robert J. Landry, III, at robert_landry@alnba.uscourts.gov, by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid on this the 26th day of September, 2019.

Harry P. Long

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **BANKRUPTCY CASE NO.:** |
| | ) | |
| **TINA D. BAILEY** | ) | **19-40065** |
| | ) | |
| DEBTOR. | ) | **(CHAPTER 11 CASE)** |

**EXHIBIT "A"**

**LIST OF ASSETS**
**AS OF THE FILING OF THE PETITION**

| ASSET | VALUE |
|---|---|
| | |
| House and lot at 350 Spring Creek Crossing, Anniston, AL 36207 | $400,000.00 |
| Cash on hand | $500.00 |
| 2 TVs | $300.00 |
| Household goods and furnishings | $2,000.00 |
| Clothing | $800.00 |
| Jewelry | $1,000.00 |
| **TOTAL** | **$404,600.00** |
| | |

19

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **BANKRUPTCY CASE NO.:** |
| | ) | |
| **TINA D. BAILEY** | ) | **19-40065** |
| | ) | |
| **DEBTOR.** | ) | **(CHAPTER 11 CASE)** |

**EXHIBIT "A-1"**

**LIST OF ASSETS**
**AS OF THE FILING OF THE DISCLOSURE STATEMENT**

| ASSET | VALUE |
|---|---|
| House and lot at 350 Spring Creek Crossing, Anniston, AL 36207 | $450,000.00 |
| Cash on hand | $500.00 |
| 2 TVs | $300.00 |
| Household goods and furnishings | $2,000.00 |
| Clothing | $800.00 |
| Jewelry | $1,000.00 |
| **TOTAL** | **$454,600.00** |

**The value of the Debtor's homestead was raised based upon appraisals made by the mortgage holder and the agreement reached between the Debtor and the mortgage holder.**

Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
Document    Page 20 of 33

# IN THE UNITED STATES BANKRUPTCY COURT
## NORHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

IN RE: )   BANKRUPTCY CASE NO.:
)
TINA D. BAILEY )   19-40065
)
DEBTOR. )   (CHAPTER 11 CASE)

### EXHIBIT "B"

### LIQUIDATION ANALYSIS

| ASSETS | VALUATION | LIENS AND EXEMPTIONS | AVAILABLE FOR DISTRIBUTION OHER THAN SECURED |
|---|---|---|---|
| House and lot at 370 Spring Creek Crossing, Anniston, AL 36207 | $450,000.00 | $800,000.00[1] $15,500.00[E] | $0.00 |
| Cash on hand | $500.00 | $500.00[E] | $0.00 |
| 2 TVs | $300.00 | $300.00[E] | $0.00 |
| Household goods and furnishings | $2,000.00 | $2,000.00[E] | $0.00 |
| Clothing | $800.00 | $800.00[E] | $0.00 |
| Jewelry | $1,000.00 | $1,000.00[E] | $0.00 |
| **TOTAL AVAILABLE FOR OHER THAN SECURED CREDITORS** | | | **$0.00** |
| **LESS ADMINISTRATIVE EXPENSES & PRIORITY CLAIMS** | | | **$10,000.00** |
| **TOTAL AVAILABLE FOR UNSECURED CREDITORS** | | | **$0.00** |

[1] **CIT**
[E] **Exemptions**
**The value of the Debtor's homestead was raised based upon appraisals made by the mortgage holder and the agreement reached between the Debtor and the mortgage holder**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **BANKRUPTCY CASE NO.:** |
| | ) | |
| **TINA D. BAILEY** | ) | **19-40065** |
| | ) | |
| **DEBTOR.** | ) | **(CHAPTER 11 CASE)** |

**EXHIBIT "C"**

**FEASIBILITY ANALYSIS**

| | |
|---|---|
| Income to be Received from Husband, William Bailey | $5,218.63 |
| | |
| LESS | |
| Household Expenses | $2,751.34 |
| Bankruptcy Quarterly Fees - $325.00 per Quarter | $108.34 |
| | |
| Total Plan Payments (See C-1) | $2,358.95 |
| | |
| Excess | $0.00 |
| | |

Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
Document      Page 22 of 33

# IN THE UNITED STATES BANKRUPTCY COURT
## NORHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

IN RE:                              )        **BANKRUPTCY CASE NO.:**
                                    )
**TINA D. BAILEY**                  )              **19-40065**
                                    )
               **DEBTOR.**          )        **(CHAPTER 11 CASE)**

## EXHIBIT "C-1"

## MONTHLY PLAN PAYMENTS

| | |
|---|---:|
| CIT | $2,275.62 |
| Unsecured annual payment $1,000.00 | 83.33 |
| | |
| | |
| | |
| | |
| | |
| | |
| TOTAL | **$2,358.95** |

**23**

# IN THE UNITED STATES BANKRUPTCY COURT
## NORHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| TINA D. BAILEY | ) | 14-41722 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11 CASE) |

### EXHIBIT "C-2"

### DEBTOR'S HOUSEHOLD BUDGET
### INCLUDING HUSBAND'S INCOME AND EXPENSES

**See attached.**

Fill in this information to identify your case:

Debtor 1 **Tina D Bailey**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ALABAMA - EASTERN DIVISION

Case number **19-40065**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                                 12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. Fill in your employment information.

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed<br>■ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | assists husband | Auto Sales |
| Employer's name | | Heavy Metal Automotive |
| Employer's address | | Anniston, AL |
| How long employed there? | | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 0.00 | $ 6,153.84 |
| 3. | Estimate and list monthly overtime pay. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | $ 0.00 | $ 6,153.84 |

Official Form 106I                         Schedule I: Your Income                         page 1

23-2

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | 4. Copy line 4 here | $ 0.00 | $ 6,153.84 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 1,210.64 |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. | Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. | Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ 1,210.64

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.    7.    $ 0.00    $ 4,943.20

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ 0.00 |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ 0.00 |
| 8e. | Social Security | 8e. | $ 0.00 | $ 0.00 |
| 8f. | Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ 0.00 |
| 8h. | Other monthly income. Specify:  Bonus; see below | 8h.+ | $ 0.00 + | $ 1,250.00 |

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 0.00    $ 1,250.00

10. Calculate monthly income. Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10.    $ 0.00  +  $ 6,193.20  =  $ 6,193.20

11. State all other regular contributions to the expenses that you list in *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11.  +$    0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    12.    $ 6,193.20

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?

☐ No.

☑ Yes. Explain:  I work with my husband. I help contribute to the amount he makes. I expect our income to increase over the next several years.

Husband receives a bonus at the end of the year of approximately $15,000.00.

Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
Document      Page 26 of 33

Fill in this information to identify your case:

Debtor 1    **Tina D Bailey**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ALABAMA -
EASTERN DIVISION

Case number   **19-40065**
(if known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter
13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   Describe Your Household

1. Is this a joint case?

     ■ No. Go to line 2.
     ☐ Yes. Does Debtor 2 live in a separate household?

         ☐ No
         ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. Do you have dependents?    ■ No

| Do not list Debtor 1 and Debtor 2. | ☐ Yes. Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| Do not state the dependents names. | | _____ | _____ | ☐ No ☐ Yes |
| | | _____ | _____ | ☐ No ☐ Yes |
| | | _____ | _____ | ☐ No ☐ Yes |
| | | _____ | _____ | ☐ No ☐ Yes |
| | | _____ | _____ | ☐ No ☐ Yes |

3. Do your expenses include expenses of people other than yourself and your dependents?    ■ No   ☐ Yes

**Part 2:**   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

                                           **Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.      4. $        2,275.62

     If not included in line 4:

     4a. Real estate taxes      4a. $        0.00
     4b. Property, homeowner's, or renter's insurance      4b. $        100.00
     4c. Home maintenance, repair, and upkeep expenses      4c. $        100.00
     4d. Homeowner's association or condominium dues      4d. $        0.00
5. Additional mortgage payments for your residence, such as home equity loans      5. $        0.00

Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
Document      Page 27 of 33

6.  **Utilities:**
    6a.  Electricity, heat, natural gas                                  6a.  $           400.00
    6b.  Water, sewer, garbage collection                                6b.  $            30.00
    6c.  Telephone, cell phone, Internet, satellite, and cable services  6c.  $           114.00
    6d.  Other. Specify:                                                 6d.  $             0.00
7.  **Food and housekeeping supplies**                                   7.   $           400.00
8.  **Childcare and children's education costs**                        8.   $             0.00
9.  **Clothing, laundry, and dry cleaning**                             9.   $           150.00
10. **Personal care products and services**                            10.   $           100.00
11. **Medical and dental expenses**                                    11.   $             0.00
12. **Transportation.** Include gas, maintenance, bus or train fare.    12.   $           100.00
     Do not include car payments.
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** 13.  $           0.00
14. **Charitable contributions and religious donations**               14.   $             0.00
15. **Insurance.**
     Do not include insurance deducted from your pay or included in lines 4 or 20.
    15a.  Life insurance                                                15a.  $            45.80
    15b.  Health insurance                                             15b.  $             0.00
    15c.  Vehicle insurance                                            15c.  $             0.00
    15d.  Other insurance. Specify:                                    15d.  $             0.00
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.  16.  $   312.50
     Specify:   25% of Bonus
17. **Installment or lease payments:**
    17a.  Car payments for Vehicle 1                                   17a.  $           626.80
    17b.  Car payments for Vehicle 2                                   17b.  $           700.00
    17c.  Other. Specify:   Tower Loans                                17c.  $           211.00
    17d.  Other. Specify:                                              17d.  $             0.00
18. **Your payments of alimony, maintenance, and support that you did not report as**  18.  $    0.00
     **deducted from your pay on line 5, Schedule I, Your Income** (Official Form 106I).
19. **Other payments you make to support others who do not live with you.**            $    0.00
     Specify:                                                          19.
20. **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.*
    20a.  Mortgages on other property                                 20a.  $             0.00
    20b.  Real estate taxes                                           20b.  $             0.00
    20c.  Property, homeowner's, or renter's insurance                20c.  $             0.00
    20d.  Maintenance, repair, and upkeep expenses                    20d.  $             0.00
    20e.  Homeowner's association or condominium dues                 20e.  $             0.00
21. **Other:** Specify:                                                21.  +$            0.00

22. **Calculate your monthly expenses**
    22a.  Add lines 4 through 21.                                            $         5,665.72
    22b.  Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2   $
    22c.  Add line 22a and 22b. The result is your monthly expenses.         $         5,665.72

23. **Calculate your monthly net income.**
    23a.  Copy line 12 *(your combined monthly income)* from Schedule I.  23a.  $       6,193.20
    23b.  Copy your monthly expenses from line 22c above.                 23b.  -$      5,665.72

    23c.  Subtract your monthly expenses from your monthly income.        23c.  $         527.48
          The result is your *monthly net income.*

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
     For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a
     modification to the terms of your mortgage?
     ☐ No.
     ■ Yes.      Explain here: Does not include payment on home mortgage.  Home maintenance, repair, and upkeep
                 expenses will go up because of repairs needed.

Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
                              Document    Page 28 of 33

# IN THE UNITED STATES BANKRUPTCY COURT
## NORHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| TINA D. BAILEY | ) | 19-40065 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11 CASE) |

## EXHIBIT "D"

## LIST OF CREDITORS

| CLAIM # | CREDITOR | AMOUNT OF CLAIM |
|---|---|---|
| | | |
| 001-2 | Internal Revenue Service - Unsecured | $0.00 |
| 002-01 | Regional Medical Center Board - Unsecured | $7,592.56 |
| 003-1 | Ashley Funding Service, LLC - Unsecured | $879.40 |
| 004-2 | Ashley Funding Service, LLC - Unsecured | $94.00 |
| 005-1 | DirecTV, LLC – Unsecured | $178.94 |
| 006-1 | Capital One Auto Finance - Unsecured | $27,163,31 |
| 007-1 | CIT Bank, N.A. - Secured | $791,765.90 |
| N/A | Credit One Bank | $500.00 |

Case 19-40065-JJR11   Doc 98   Filed 09/26/19   Entered 09/26/19 16:11:22   Desc Main
Document   Page 29 of 33

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **BANKRUPTCY CASE NO.:** |
| | ) | |
| **TINA D. BAILEY** | ) | **19-40065** |
| | ) | |
| DEBTOR. | ) | **(CHAPTER 11 CASE)** |

**EXHIBIT "E"**

**DEBTOR'S CONTEST OF CLAIMS**

The claims listed below set out are contested by the Debtor and the grounds of said contest are shown in the "Ground" column set forth below follows:

| CLAIM # | CLAIMANT AND ADDRESS | AMOUNT CLAIMED | AMOUNT ADMITTED BY CONTESTANT AS DUE | GROUNDS |
|---|---|---|---|---|
| 3-1 | Ashley Funding Services, LLC | 879.40 | $0.00 | Statute of Limitations has run |
| 4-1 | Ashley Funding Services, LLC | $94.00 | $0.00 | Statute of Limitations has run |

25

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| IN RE: | ) | BANKRUPTCY CASE NO.: |
| | ) | |
| TINA D. BAILEY | ) | 19-40065 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11 CASE) |

**EXHIBIT "F"**

**AGREEMENT WITH CIT BANK, N.A.**

**SEE ATTACHED**

26

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **TINA D. BAILEY,** | ) | |
| | ) | **CASE NO. 19-40065-JJR11** |
| **Debtor.** | ) | |

## AGREED ORDER CONDITIONALLY DENYING
## MOTION FOR RELIEF FROM AUTOMATIC
## STAY FILED BY CREDITOR CIT BANK, N.A.

CIT Bank, N.A. ("CIT"), filed its Motion for Relief from Automatic Stay (Doc. No. 41), on February 25, 2019. The Court set this matter for hearing on March 21, 2019. Based on representation of Harry Long made in open Court, the matter has been settled. Therefore, upon agreement of the parties, it is hereby **ORDERED** as follows:

1. The Motion for Relief is **CONDITIONALLY DENIED**, conditioned specifically on Debtor's compliance with the following, agreed upon, terms:

    a. Debtor will make adequate protection payments to CIT in the amount of $2,275.62 each month, beginning April 1, 2019. If any payment is not received by the 10th day of each month, the automatic stay will lift without further Order of this Court to allow CIT to enforce all of its rights with respect to the real property described in the Motion for Relief from Stay (the "Property").

    b. The Debtor will maintain property taxes and insurance on the Property and in the event of default with respect to taxes and insurance, the automatic stay will lift without further Order of this Court 20 days after a notice of default is served upon Debtor and her attorney, and the default not being cured.

    c. The Debtor will have a period of 6 months in which to sell the Property at a price sufficient to result in a total sum of $450,000.00 being paid to CIT in full satisfaction of the mortgage on the Property, exclusive of any closing costs or related expenses, all of which will be borne by the Debtor.

1

DOCSBHM\2270888\6

Case 19-40065-JJR11    Doc 54    Filed 04/04/19    Entered 04/04/19 15:52:06    Desc Main
Case 19-40065-JJR11    Doc 98    Filed 09/26/19    Entered 09/26/19 16:11:22    Desc Main
Document      Page 32 of 33

d.  If the Property has not been sold and CIT paid within 6 months, CIT has the right to request an evidentiary hearing before this Court to proceed with its Motion for Relief.

e.  If the stay lifts pursuant to this Order or the Property is not sold per the terms of paragraph c. above, CIT will retain the right to enforce the full amount of its note and mortgage against the Property and all obligors.

Dated:  April 4, 2019

/s/ James J. Robinson
James J. Robinson
Chief United States Bankruptcy Judge

Order prepared by:

Stephen B. Porterfield
SIROTE & PERMUTT, P.C.
Post Office Box 55727
2311 Highland Avenue South (35205)
Birmingham, AL 35255-5727
Telephone: (205) 930-5278
Facsimile: (205) 930-5101
*Attorney for Trustee*

Reviewed and Agreed to by:

Harry P. Long
The Law Offices of Harry P. Long, LLC
PO. Box 1468
Anniston, AL 36202
hlonglegal8@gmail.com
*Attorney for Debtor*

2

DOCSBHM\2270888\6

Case 19-40065-JJR11    Doc 54    Filed 04/04/19    Entered 04/04/19 15:52:06    Desc Main
Case 19-40065-JJR11    Doc 98    Document 26/19   Page 2 of 2 09/26/19 16:11:22    Desc Main
Document    Page 33 of 33