IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| | ) | |
| TINA D. BAILEY | ) | NO.: 19-40065 |
| | ) | |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11 CASE) |

## AMENDED
## DEBTOR'S PLAN OF REORGANIZATION
## DATED SEPTEMBER 26, 2019

Comes now the Debtor, **TINA D. BAILEY**, (hereinafter referred to as "Debtor" or "Tina D. Bailey") and proposes and files the following Chapter 11 Plan of Reorganization.

To aid in understanding this Plan of Reorganization, the reader should recognize that the definitions and meanings given to words and phrases in Title 11, ***United States Code*** and the ***Federal Rules of Bankruptcy Procedure*** shall apply to such words and phrases used in this Plan of Reorganization and the Disclosure Statement unless a different meaning is expressly clear from the context hereof, or unless it is further defined in Article X of the Disclosure Statement or Article XII of this Plan.

**The reader should also be aware that the facts and information contained in the Disclosure Statement have been incorporated herein to the extent not inconsistent with the provisions of this Plan and will be enforceable as part of this Plan. The reader should review and understand the provisions of the Disclosure Statement as well as this Plan.**

### ARTICLE I.

### GENERAL PURPOSE OF THIS PLAN OF REORGANIZATION

1.1 All debts, claims, liens and interests against the Debtor or in the assets of the Debtor shall be dealt with and discharged as provided in this Plan.

1

The intent of this Plan is to provide for all allowed administrative expenses and priority, secured, and unsecured claims, and equity interests pursuant to this Plan and to treat them as follows:

      A. With respect to the administrative expenses and priority claims, they shall be paid in full, in cash, upon the effective date of the Plan unless otherwise agreed to between the claimant and the Debtor; provided, that the debts which arose in the ordinary course of business after the filing of the petition, shall be paid by the Debtor in the normal course of business and provided that any claim granted priority under 11 U.S.C. Section 507(a)(7) may be paid pursuant to the provisions of 11 U.S.C. Section 1129(a)(9);

      B. With respect to all classes of secured claims, this Plan provides that, except to the extent specifically provided herein, the Debtor will retain possession of the collateral, but the holders of such claims shall retain their liens securing their claims or be provided new liens to the extent of such claim and each holder of a secured claim shall receive on account of such secured claim, deferred cash payments totaling at least the allowed amount of such claim of a value on the effective date of the Plan of at least the value of the holder's interest in the Debtor's interest in such property; provided, the Debtor reserves the right to surrender collateral to the holder of the secured claim in full satisfaction of said secured claim and all claims provided for herein may be prepaid, at any time, without prepayment or other penalty. The Debtor must make the election to surrender the collateral on or before the Effective Date of the Plan and will file a Motion to Modify the Plan if such an election is made. The Debtor may not make the election thereafter;

      C. With respect to each class and holder of allowed unsecured claims, this Plan provides that they shall not be discriminated against unfairly and shall be treated in a fair and equitable manner in that they can receive under the Plan on account of such claim, property of a value as of the effective date of the Plan that is not less than the amount such holder would so receive or retain if the Debtor was liquidated under Chapter 7, Title 11, ***United States Code***; and,

      D. The Debtor shall retain her interest in her property as proposed in this Plan.

2

Case 19-40065-JJR11    Doc 99    Filed 09/26/19    Entered 09/26/19 16:15:38    Desc Main
Document      Page 2 of 13

## ARTICLE II.

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 **Class I** – **Administrative Expenses** - Costs and expenses of administration of this bankruptcy case as defined by the Bankruptcy Code.

2.2 **Class II** – **Priority Claims** - Holders of allowed claims entitled to priority by 11 U.S.C. Section 507.

2.3 **Class III** – **CIT Bank, N.A.** filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Proof of Claim is secured by a first mortgage lien upon the Debtor's residence located at 350 Spring Creek Crossing, Anniston, AL 36207.

2.4 **Class IV** – **UNSECURED CLAIMS OTHER THAN CIT** – The Debtor estimates unsecured claims in the amount of Thirty-Six Thousand Four Hundred Two and 60/100 Dollars ($36,402.60).

2.5 **Class V** - **CIT UNSECURED CLAIM** – CIT filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Debtor and CIT have agreed for the purposes of this case and the Debtor's Plan that the secured portion of CIT's debt is Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00). Therefore, the unsecured portion of CIT's debt is Three Hundred Forty-One Thousand Seven Hundred Sixty-Five and 90/100 Dollars ($341,765.90).

2.5 **CLASS VI** – Equity Security Holder – **TINA D. BAILEY**.

## ARTICLE III.

## CLAIMS AND INTERESTS NOT IMPAIRED UNDER THE PLAN

3.1 **Class I** – **ADMINISTRATIVE EXPENSES** - Administrative Expenses shall be paid in full, in cash, on or before the Effective Date of the plan, unless otherwise agreed to between the claimant and the Debtor; provided, however, that claims of the creditors in **Class I** which arose from the Debtor's maintenance of her household on a day to day basis and on such terms as have been agreed to by such creditors and the Debtor. Quarterly Fees due the Court

3

and other administrative expenses shall be paid directly by the Debtor and not from the Debtor's Plan Contributions as defined herein.

      3.2 **Class II – PRIORITY CLAIMS** – To pay all allowed priority claims in full upon the effective date of the Plan unless otherwise allowed by Title 11, **United States Code** or agreed to between the parties except the Debtor reserves the right to pay certain priority claims pursuant to 11 U.S.C. Section 1129(a)(9)(c). These ongoing obligations shall be paid by the Debtor directly and not from the Debtor's Plan Contributions. – **NONE**.

## ARTICLE IV.

## TREATMENT OF CLASSES THAT ARE IMPAIRED UNDER THE PLAN

      4.1 **Class III – CIT Bank, N.A.** filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Proof of Claim is secured by a first mortgage lien upon the Debtor's residence located at 350 Spring Creek Crossing, Anniston, AL 36207. The Debtor proposes to pay the secured portion of CIT's Proof of Claim as set forth in the agreement between the Debtor and CIT which is attached hereto as Exhibit "F" to the Debtor's Disclosure Statement and incorporated herein by reference.

      4.2 **Class IV – UNSECURED CLAIMS** – unsecured claims are estimated to be in the amount of Thirty-Six Thousand Four Hundred Two Dollars and 60/100 ($36,402.60). The Debtor proposes to pay the unsecured claims their pro rata basis share of $5,000.00 over five years from five annual payments of $1,000.00. The first annual payment shall be due on the first anniversary of the Effective Date of the Plan and each year there after until five annual payments are made. This Plan provides a 13.7% dividend to this unsecured class. As the Debtor's husband is providing the funding for this plan, he will also guarantee the payments to unsecured creditors pursuant to the confirmed Plan.

      4.3 **CLASS V - CIT UNSECURED CLAIM** - CIT filed Proof of Claim 7-1 in the amount of Seven Hundred Ninety-One Thousand Seven Hundred Sixty-Five Dollars and Ninety Cents ($791,765.90). The Debtor and CIT have agreed for the purposes of this case and the Debtor's Plan that the secured portion of CIT's debt is Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00). Therefore, the unsecured portion of CIT's debt is Three Hundred Forty-One Thousand Seven Hundred Sixty-Five and 90/100 Dollars ($341,765.90). CIT's unsecured debt shall be satisfied in full by the payment of One Hundred Dollars

4

($100.00); provided that the secured portion of CIT's debt is paid in full as provided herein.

4.34 **CLASS VI– EQUITY SECURITY HOLDER** - The Debtor shall retain all assets as set out in Exhibit "A-1" attached to the Disclosure Statement and incorporated herein by reference.

4.5 **DEBTOR'S ELECTION TO SURRENDER COLLATERAL** - After confirmation, notwithstanding the foregoing, and subject to the creditor's right to elect to be treated as provided under 11 U.S.C. Section 1111(b) (discussed in paragraph 4.11 below), the Debtor reserves the right to surrender collateral to the holder of the secured claim in full satisfaction of said secured claim and all claims provided for herein may be prepaid, at any time, without prepayment or other penalty. The Debtor must make the election to surrender the collateral on or before the Effective Date of the Plan and will file a Motion to Modify the Plan if such an election is made. The Debtor may not make the election thereafter.

4.6 **SECTION 1111(b) ELECTION TO BE TREATED AS FULLY SECURED** - Under 11 U.S.C. Section 1111(b), a class of claims may elect by at least two-thirds in amount and more than one-half in number of the allowed claims of such class to have the claims in said class be provided for as fully secured to the extent that such claims are allowed.

## ARTICLE V.

## IMPLEMENTATION OF THE PLAN

5.1 **VALUATION OF COLLATERAL** –

    A. For the purposes of 11 U.S.C. Section 363, 11 U.S.C. Section 506, Rule 3012 and Rule 6004 of the ***Federal Rules of Bankruptcy Procedure***, the Plan, and for determining the value of the Debtor's assets and collateral securing claims or liens in this case, the Debtor alleges that the fair market value of assets is as set forth in Exhibit "A-1" attached to the Debtor's Disclosure Statement filed of even date herewith.

    B. By separate written Motion, the Debtor intends to offer evidence and request valuation of the property under 11 U.S.C. Section 506 at the time of the hearing on confirmation of this Plan or such other time as the Court may set. If a party in interest intends to contest the valuations of the Debtor, said party should set forth its objection, in writing, to the proposed values of any of the

Debtor's assets within the time provided for in the Notice of the hearing on the Debtor's Motion for Valuation. The party objecting to the values shall serve a copy of said objection upon the attorney for the Debtor and the Bankruptcy Administrator's Office at 914 Noble Street, Anniston, Alabama, 36201.

       C. The values will be determined by the Court at a hearing on confirmation or at such other time as the Court may set.

5.2 Unless specifically provided herein, nothing in the Debtor's Disclosure Statement or in this Plan of Reorganization is intended to alter the priority or perfection of a security interest, mortgage or lien of a creditor in regards to its standing or priority with the Debtor, the Debtor's assets, or with another creditor unless the Debtor files a Contested Matter or Adversary Proceeding in this case to effect same.

5.3 Upon the effective date of this Plan, or as nearly thereafter as practicable, the Debtor shall commence performance under the Plan and shall issue the documents proposed herein.

5.4 **IF YOUR DEBT, CLAIMS, LIEN OR INTEREST IS NOT LISTED IN EXHIBIT "D" TO THE DISCLOSURE STATEMENT OR PROVIDED FOR IN THIS PLAN, THE DEBTOR PROPOSES TO PAY NOTHING ON YOUR DEBT, CLAIM, LIEN, OR INTEREST.**

## ARTICLE VI.

### PROVISIONS FOR FUNDING OF PLAN

6.1 The Plan of Reorganization filed by the Debtor herein provides for the Debtor to pay all administrative expenses, priority claims, secured claims and unsecured claims as provided hereinabove.

6.2 The Debtor proposes to commit the Debtor's disposable income (as defined in section 11 U.S.C. Section 1325 (b)(2) to be received during the five (5) year period beginning on the date that the first payment is due under the plan.

6.3 Section 1325 (b)(2) defines "disposable income" as current monthly income received by the Debtor other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended

6

for the maintenance or support of the debtor or a dependent of the debtor or for a domestic support obligation, that first becomes payable after the date the Debtor's bankruptcy petition was filed and for charitable contributions in an amount not to exceed fifteen percent (15%) of the gross income of the Debtor for the year in which the contributions are made, and if the Debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

      6.4 The Debtor shall contribute sufficient moneys to provide for the proposed treatment of CIT Bank, N.A. and to pay Five Thousand and no Cents ($5,000.00) to the unsecured creditors over a five-year period.  This contribution will come from the monies provided to the Debtor by the Debtor's husband. Also, as the Debtor's husband is providing the funding for this plan, he will also guarantee the notes that will be issued pursuant to the confirmed Plan.
The Debtor's husband's guarantee and contributions and the amounts proposed to be funded herein by the Debtor shall be referred to as **Debtor's Plan Contributions**.

## ARTICLE VII.

## AVOIDANCE OF JUDICIAL LIENS

    7.1 **AVOIDANCE OF JUDICIAL LIENS** - In conjunction with the filing of this Plan of Reorganization, the Debtor is filing motions to avoid judicial liens under 11 U.S.C. Section 522 to avoid judgment liens upon the Debtor's residence. The Debtor's plan proposed to avoid these liens as having no equity to attach to and to pay nothing on these judgments or the creditor holding said judgments except as otherwise provided herein.

## ARTICLE VIII.

## TIMING AND EFFECT OF CONFIRMATION, DISCHARGE AND VESTING OF PROPERTY IN THE DEBTOR

    8.1 In a Chapter 11 Bankruptcy case filed by an individual, the Debtor does not receive a discharge under 11 U.S.C. Section 1141.

    8.2 Upon confirmation of the Plan and substantial consummation of the Plan, the Debtor intends to file a motion requesting entry of a discharge pursuant to 11 U.S.C. Section 1141(d)(5)(B).  Said motion will request a discharge of all debts except to the extent provided in the Plan or the Order

7

confirming the Plan, or to the extent a debt is excepted from discharge under 11 U.S.C. Section 523.

8.3 Upon entry of the Discharge Order, to the extent that a debt, claim, lien or interest is satisfied pursuant to the Plan, either by the payment of cash, the surrender of collateral, or the issuance of new documents or otherwise, said holder of said debt, claims or interest shall have no further claim or lien against or interest in the Debtor, the bankrupt estate of the Debtor, or the assets of the bankruptcy estate or the Debtor, provided further, that if nothing is to be paid to said creditor, lienholder, claimant or equity security holder, said debt, claim, lien or interest is discharged pursuant to 11 U.S.C. Section 1141.

8.4 Confirmation of this Plan will bind the Debtor and any creditors or holders of claims or liens against or interests in the Debtor or the Debtor's assets, whether or not the claim, lien or interest is impaired under the Plan and whether or not such creditor, lienholder or equity security holder has accepted the Plan.

8.5 In addition, the confirmation of this Plan will not vest all property of the Estate in the Debtor pending further Orders of this Court.

8.6 Except as otherwise provided for in the Plan, the Order confirming the plan, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims, liens, and interests of creditors or equity security holders.

## IX.

## EFFECT OF CONFIRMATION ON CREDITORS' RIGHTS TO COLLECT

9.1 **EFFECTS OF CONFIRMATION ON LAWSUITS:**

A. **UPON CONFIRMATION OF THE DEBTOR'S PLAN AND ENTRY OF A DISCHARGE ORDER ALL PRE-PETITION OBLIGATIONS SHALL BE DISCHARGED EXCEPT AS PROVIDED FOR IN THE CONFIRMED PLAN. THE OBLIGATIONS OF THE DEBTOR, IF ANY, ARISING IN THESE LAWSUITS SHALL ALSO BE DISCHARGED EXCEPT TO THE EXTENT PROVIDED FOR IN THE CONFIRMED PLAN.**

B. **UPON CONFIRMATION OF THE PLAN AND ENTRY OF AN ORDER OF DISCHARGE, THE DEBTOR WILL MAKE A MOTION IN ALL**

**PRE-PETITION LAWSUITS THAT THEY BE DISMISSED WITH PREJUDICE, BASED UPON THE DISCHARGE OF THE DEBTOR UNDER THE CONFIRMED PLAN.**

      C. **THE OTHER PARTIES TO SAID LAWSUITS ARE PROHIBITED FROM PURSUING ANY CLAIMS AGAINST THE DEBTOR OR THE DEBTOR'S ASSETS PURSUANT TO THE PROVISIONS OF THE CONFIRMED PLAN AND THE PROVISIONS OF 11 U.S.C. SECTION 362 (c) (2) WITHOUT FURTHER LEAVE OF COURT.**

    9.2 **EFFECTS OF CONFIRMATION ON CREDITORS:**

      A. **CREDITORS ARE BOUND BY THE PLAN AND ARE PROHIBITED FROM PURSUING ANY CLAIMS AGAINST THE DEBTOR OR THE DEBTOR'S ASSETS OTHER THAN PURSUANT TO THE PROVISIONS OF THE CONFIRMED PLAN AND THE AUTOMATIC STAY REMAINS IN EFFECT PURSUANT TO THE PROVISIONS OF 11 U.S.C. SECTION 362 (c) (2).**
      B. **IF YOUR DEBT, CLAIM, LIEN OR INTEREST IS NOT LISTED IN EXHIBIT "D" ATTACHED TO THE DISCLOSURE STATEMENT, THE DEBTOR PROPOSES TO PAY NOTHING ON YOUR DEBT, CLAIM, LIEN OR INTEREST.**

## ARTICLE X.

### CONTRIBUTIONS AND NEW VALUE OF THE DEBTOR

    10.1 The Debtor shall exercise her best efforts toward the execution of this Plan, shall submit her post confirmation earnings and assets to the consummation of this Plan, and shall perform such services and expend such time as is reasonably necessary to the completion of the provisions of this Plan.

## ARTICLE XI.

### PROVISIONS FOR LEASES, EXECUTORY CONTRACTS AND OTHER INTANGIBLES

    11.1 **EXECUTORY CONTRACTS** – The leases, executory contracts and other intangibles in this case and their treatment under this Plan are as follows:
        A. All licenses or other intangible rights owned by the Debtor at the time of the filing of the petition or since then are hereby assumed.

B. As of the submission of this Disclosure Statement and Plan, the Debtor is not a party to any leases or executory contracts, and therefore none are to be assumed. All leases, rental agreements, or executory contracts not specifically mentioned herein are hereby rejected under the plan.

## ARTICLE XII.

## MISCELLANEOUS PROVISIONS

12.1 The reorganized Debtor shall comply with Title 11, ***United States Code***, in effecting this Plan.

12.2 The Debtor is the proponent of this Plan and to the best of her information and belief has complied with the applicable provisions of Title 11, ***United States Code***.

12.3 The Debtor represents to the Court, the creditors, and the other parties in interest that this plan has been proposed in good faith and not by any means forbidden by law.

12.4 Any payments made by the Debtor for services or for costs and expenses in or in connection with this case, or in connection with the plan and incident to the case, have been approved by, or are subject to approval of, the Court as reasonable.

12.5 The Debtor represents to the Court, the creditors, and the other parties in interest that the Debtor has made the disclosures required by 11 U.S.C. Section 1129 (a)(5)(A) in that the Debtor has disclosed in this Plan, or the Disclosure Statement submitted with this Plan, the identities of all insiders that will be employed by the reorganized debtor, and the nature of any compensation for such insiders and that said insider's employment and compensation is consistent with the interests of creditors and the Debtor and with public policy.

12.6 There are no governmental agencies with jurisdiction over the rates that the Debtor may charge.

12.7 Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor.

12.8 The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

12.9 The value of the property to be distributed under this Plan is not less than the projected disposable income of the debtor as defined in 11 U.S.C. Section 1325 (b)(2) to be received during the five-year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer.

12.10 All transfers of property under the Plan, if any, shall be made in accordance with any applicable non bankruptcy law.

12.11 All fees payable under 28 U.S.C. Section 1930, as determined by the Court at the confirmation hearing on the Plan, have been or will be paid forthwith.

12.12 Payments of retiree benefits, if any, shall continue after the effective date of the Plan for the duration of the period that the Debtor is obligated to provide such benefits; however, the Debtor is aware of no such obligations.

12.13 The Court shall retain jurisdiction to ensure that the purpose and intent of this Plan are carried out until the provisions of the Plan have been completed.

12.14 There will be debt forgiveness under this Plan.

12.15 The Debtor shall continue to manage the Debtor's assets and shall administer this Plan.

12.16 **ATTORNEYS, ACCOUNTANTS AND OTHER PROFESSIONALS**.

A. Harry P. Long and the Law Offices of Harry P. Long, L.L.C. shall continue to represent the Debtor in this case and he shall be compensated at his standard hourly rates or as otherwise allowed by the Court. Harry P. Long's current standard hourly rate is Three Hundred Seventy Dollars ($370.00), per hour, subject to change January 1 of each year and to review by the Court as reasonable;

B. It is anticipated that other professional persons will need to be employed including accountants, to assist in the implementation of the Plan in this case; and,

C. The Debtor shall be entitled to employ such professionals and other independent contractors as are reasonably necessary to effectuate the Plan and to compensate them on a reasonable basis, subject to Court review.

12.17 The Debtor shall have the authority to settle any further claims the Debtor may have and to sell or otherwise dispose of the assets as the Debtor deems will be most effective in administering this Plan and case.

12.18 The Debtor shall have the authority to prosecute all claims through to a final determination or settlement.

12.19 In implementing this Plan, the Debtor shall continue to manage and have possession of the Debtor's assets dealt with by the Plan.

## ARTICLE XIII.

## DEFINITIONS

13.1 The definitions and meanings given to words and phrases in Title 11, **United States Code** and the **Federal Rules of Bankruptcy Procedure** shall apply to such words and phrases used in this Plan of Reorganization unless a different meaning is expressly clear from the context hereof.

13.2 **"Effective Date of the Plan"** shall mean sixty (60) days after the approval and confirmation of the Plan.

13.3 **"Value on the effective date of the Plan"** or **"value"** shall mean the value as determined by the Court pursuant to the provisions of Paragraph 5.1 of this Plan.

## ARTICLE XIV.

## DISCLOSURE STATEMENT

14.1 To the extent not inconsistent herewith, the Disclosure Statement is incorporated herein by reference.

12

Case 19-40065-JJR11    Doc 99    Filed 09/26/19    Entered 09/26/19 16:15:38    Desc Main
Document      Page 12 of 13

**DATED:** This the 26th day of September 2019.

*/s/ Harry P. Long*

Harry P. Long
Attorney for Debtor
Post Office Box 1468
Anniston, Alabama 36202
(256) 237-3266
Hlonglegal8@gmail.com

## CERTIFICATE OF SERVICE

I, **HARRY P. LONG**, hereby certify that a copy of the foregoing was served by email to Robert J. Landry, III, at robert_landry@alnba.uscourts.gov, by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid on this the 26th day of September, 2019.

*/s/ Harry P. Long*

Harry P. Long

13

Case 19-40065-JJR11    Doc 99    Filed 09/26/19    Entered 09/26/19 16:15:38    Desc Main
Document    Page 13 of 13